NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0616n.06

No. 11-3701

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RAYSHAID M. ROBINSON, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | ***Jun 13, 2012*** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| HEALTH ALLIANCE OF CINCINNATI; | ) | THE SOUTHERN DISTRICT OF |
| DEPARTMENT OF PUBLIC SAFETY FOR | ) | OHIO |
| THE HEALTH ALLIANCE OF | ) | |
| CINCINNATI; PAUL PHILLIPS, In his | ) | |
| official and individual capacities; KAREN | ) | |
| BOSLEY, In her official and individual | ) | |
| capacities; JOHN DOES, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

**PER CURIAM.** Rayshaid M. Robinson, an Ohio resident proceeding *pro se*, appeals a jury's verdict rendered against him in his civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 16, 2008, two security officers employed by Health Alliance of Greater Cincinnati observed Robinson walking through an area on the Health Alliance campus marked "no trespassing." The officers instructed Robinson to stop. Once stopped, Robinson became defiant and began cursing at the officers. The officers ordered Robinson to the ground. He complied. As the officers attempted to handcuff Robinson, he moved his arm in what the officers perceived to be a threatening manner. Consequently, both officers deployed their tasers. After having been tased, Robinson became compliant and was ultimately charged with resisting arrest, obstructing official business, and disorderly conduct. In July 2008, Robinson was found not guilty on all charges.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In March 2009, Robinson filed a complaint against the defendants pursuant to § 1983. After a seven day trial, a jury entered a verdict in favor of all the defendants. On appeal, Robinson argues that he was denied a fair trial because 1) the jury ignored the evidence, 2) the district court incorrectly decided the facts, and 3) the district court erred in denying his challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986).

As the appellant, Robinson must "order from the reporter a transcript of such parts of the proceedings not already on file as [he] considers necessary." Fed. R. App. P. 10(b)(1)(A). Robinson ordered only an excerpt of the transcript from the second day of trial, which contains the defendants' counsel's opening statement. This excerpt provides no support for any of Robinson's claims. Consequently, we are left with no basis on which to conduct a meaningful review. Therefore, Robinson's claims raised on appeal are deemed waived. *See* Fed. R. App. P. 10(b)(2); *Hawley v. City of Cleveland*, 24 F.3d 814, 820–22 (6th Cir. 1994).

The district court's judgment is affirmed.